SMITH *v.* WARNER.

## Simeon Smith, for use of, etc., v. William Warner and Albert L. Catlin.

*Pleadings: Set off: Unliquidated damages.* There is nothing in the statute which makes the right to set-off depend upon the form of the plaintiff's declaration, or upon his having asserted other claims than those to which the set-off is made. If the demand of the defendant is one in other respects within the statute so as to be a proper set-off, the only restriction upon the right is that the plaintiff's action shall be "founded upon demands which could themselves be the subject of set-off according to law."

Where the plaintiff joins an unfounded claim for unliquidated damages in the same suit with other claims which are the subject of set-off the legal inference is that the plaintiff's action is based not upon the baseless demand that was asserted, but rather upon the others that were not only asserted, but established by evidence.

*Special and Common Counts: Set-off.* The plaintiff declared specially for the non-performance by defendant of an agreement in writing, and the only special breach alleged was in the non-delivery of certain personal property, although there was a general averment that the defendant had failed to perform the contract in each and every other particular. The common counts were also added.

As without the special assignment of breach the declaration would have been subject to special demurrer, the defendant was justified in supposing the plaintiff's claim under that count was confined to that one demand, especially as he joined the common counts which were sufficient to cover all his other claims.

All the allowances made to the plaintiff by the referees must therefore be considered as made under the common counts.

*Demands, when subject of set-off: Notice.* Demands are a proper set-off if they belonged to a defendant in good faith before notice of assignment. A defendant is not bound to presume that, because he knew the plaintiff was insolvent, and had been for a long time, the plaintiff had disposed of the demands against them; much less where it affirmatively appears that plaintiff did not in fact dispose of the same until the defendants had become owners of more than enough to extinguish it.

The fact that such demands were purchased by defendants at a very great discount is no evidence that they do not hold them in "good faith," as these terms are used in the statute. All the statute contemplates is, that the claims offered in set-off shall be actually and not merely colorably owned by the defendants, and that the amount paid for them is immaterial.

*Heard April 10 and 11. Decided April 14.*

Error to Wayne Circuit.

This was an action of assumpsit to recover damages for a breach of contract.

The declaration contained a special count, and also the common counts. The defendant pleaded the general issue

and gave notice of set-off. The cause was referred. The referees in their report allowed defendant's set-off to the amount of the plaintiff's claim, and also allowed their costs of suit. The report was confirmed in the court below.

The facts are stated in the opinion.

*Levi Bishop*, for plaintiff in error.

1. At the time the demand sought to be set off was brought by defendants it was over due, and Smith, the nominal plaintiff, was well known by the defendants to be notoriously insolvent, and they bought this claim at a nominal sum, for the avowed purpose of setting it off in a suit which they anticipated on the claim now sued on. In other words, they bought this demand for the express purpose of destroying, with a nominal sum of money, a just claim to a large amount against them.

The referee finds this just demand, to a large amount, due from the defendants, and we submit that there is manifest injustice in allowing stale demands which have been raked up, as these were, by the defendants to defeat a just debt, and more especially when they are urged, as these are, against third parties. Simply to state such a case would seem to be a sufficient argument of it.

It is a general rule of extensive application, that claims against an insolvent plaintiff, which have been purchased after they became due, cannot be set off against the assignee of the plaintiff's claim. Every intendment, including constructive notice, and even presumptions of fraud, will prevail against such claims, when necessary to prevent injustice. 1 *Selwin's Nisi Prius*, 152; 2 *Dallas*, 43; 5 *Gill*, 485, 505-6; 8 *Rich. S. C.* 273; 22 *Conn.* 639; 8 *S. & R.* 425; 3 *Barr*, 470; 6 *Id.* 421; 1 *Johns. Cases*, 51, *Per Radcliff & Kent, J. J;* 2 *Caine's C.* 302; *Same case in Court of Errors ;* 2 *Johns. R.* 274; 6 *Cow.* 613.

The defendants paid for this claim, sought to be set off, four per cent. of the amount of it. This inadequacy of consideration would of itself, in a proper case, afford ground

for relief, on the ground of constructive fraud. If the transaction was not "grossly unreasonable" and "grossly against conscience," as between the defendants and the nominal plaintiff, it most certainly has these characteristics when the attempt is made to deduct the full nominal amount of the claim as against a *bona fide* purchaser. In such a case even a court of law will relieve against a hard and unreasonable bargain. 1 *Story's Eq.* § 324, *note*.

2. The statute in regard to set-offs does not stand in the way of the ends of justice. 2 *C. L.* 4180.

This is an *enabling* statute. Certain claims may be set off. The statute is permissive. It was not designed to promote the ends of injustice. Set-offs are allowed in cases coming within the act, provided it is just and proper that they should be allowed, and that no injustice will thereby be done.

A defendant is not required to avail himself of the privilege of the act. 5 *Gill.* 485, 505.

It is submitted with confidence, that if the allowance of a set-off will work injustice in any way, the court will itself deny the privilege, and refuse to allow the set-off.

Furthermore, the statute expressly provides, that in order to be allowed as a set-off, a demand must have belonged to the defendant *in good faith*, before notice of the assignment of the plaintiff's claim. 2 *C. L.* 4180.

The price paid for this claim negatives any such presumptions.

At most, no more should be allowed on them than the amount and interest actually paid for them by the defendants. This is the full extent of any just claim the defendants can have. Restrict the defendants to this amount, and there may be some show of reason and justice in the case they make. There can be none beyond this. 3 *Barr.* 470; 6 *Id.* 421.

3. No set-off at all can be allowed in the case.

It is insisted that, although no set-off can be allowed against the unliquidated damages claimed by the plaintiff

under his special count, yet, where the common counts are added to a declaration, and the plaintiff recovers any sum under them, in addition to his unliquidated damages, that a set-off may be litigated in the same suit, and allowed as against the sum so recovered under the common counts.

It will not be contended, that if the claims which the plaintiff sets up in his special count, could not be set off, or if a set-off could not be allowed against them, a set-off may still be allowed, because we have added the common counts in our declaration.

As I have said, the statute only authorizes counter claims to be litigated in a proper case, in order to obviate the necessity of a second suit for the purpose.

The privilege can be extended no further than is expressly authorized by the statute.

The design of the statute was, not to allow counter claims to be litigated in the same suit, where the claims on either side should be for unliquidated damages. If they are of this character on either side in a given case, no hardship is done by not allowing the set-off, and the defendant has only to bring his cross action, as before the statute.

It was not the intention of the statute to complicate the trial of causes, as must be the case if a set-off is allowed where the claim on either side is unliquidated. If such had been the intention, the legislature would have said so, and would have imposed no restrictions, as to the character of claims in actions *ex contractu*, with reference to the privilege of set-off.

Again: if a set-off is to be allowed in cases where a part of the plaintiff's demand might be set off, and a part not, the set-off should manifestly be confined to that part of the plaintiff's claim which could be set off. The statute forbids it with reference to the other part. This would open a door to the greatest confusion in the trials of causes. The limitation imposed upon the right or privilege of set-off was intended among other things, to exclude this very confusion.

The only safe and convenient rule is, to exclude a set-off where any part of the plaintiff's claim is of a character to require, so far as that part is concerned, such exclusion under the statute.

*D. C. Holbrook*, and *G. V. N. Lothrop*, for defendant in error.

1. The only question to be considered is, whether the set-off offered in this case was rightfully allowed; it distinctly appearing that such set-off was not offered as to any claim except such as could or might be recovered under the common counts, separate and distinct from the special count.

The referee having found that the plaintiff was not entitled to recover *any unliquidated* damages, of course the claims on both sides were subject to mutual set-off.

The demands sought to be set off are all within the statute allowing them to be set off. *Comp. L.* § 4180.

*a.* The demands arose upon contracts express and implied.

*b.* They were money had and received, and personal property sold.

*c.* They were due to defendants in their own right.

*d.* They existed before commencement of suit, and then belonged to defendants.

*e.* The plaintiff's demands were subject to be set off against defendants.

*f.* The demands were against the plaintiff.

*g.* The demands were, except $1,341.26, assigned to defendants before the plaintiff assigned to Tennis & Dangler, and the $1,341.26 were assigned afterwards, but without any notice or knowledge of assignment by plaintiff to Tennis & Dangler, and before suit commenced.

2. The defendants are entitled to a set-off for the whole amount of claims, without regard to the amount they paid for them, as there is nothing in the law which prevents the purchase of debts against a creditor or other person.

SMITH *v.* WARNER.

COOLEY CH. J.

When this case was presented for our consideration before, the principal question which arose upon the record was, whether the claim of the plaintiff of damages for the non-delivery of a portion of the personal property which, by the contract, the defendants were to transfer to him, was to be considered a claim for unliquidated damages or not. It was not disputed, as we understood it, that an allowance had been made by the referee for such damages; but whether that was so or not, there was nothing in the referee's report to show that he had not done so, and the inference that he had was fairly deducible. We did not intend, in our decision, to go beyond the case then before us to discuss other questions; and the decision was carefully restricted to the precise points then presented by the record.

The present record presents a different case. It now appears distinctly from the report of the referees, whose conclusions of fact we must receive as correct, that although the plaintiff presented for their consideration a claim for unliquidated damages, yet that claim turned out on investigation, to be baseless, and that the only claims which the plaintiff was able to substantiate before them were claims which are subject to set-off under the statute. Upon this report the question arises, whether the joinder by the plaintiff of an unfounded claim for unliquidated damages in the same suit with other claims which are subject to set-off, will preclude the defendants from that legal right which they would have had to reduce the plaintiffs' just demands by counter claims, had the latter been sued alone?

If this question is decided in the plaintiff's favor, it must be upon the mere fact that the claim to unliquidated damages is asserted by him. It cannot depend upon his motives in making the assertion, because in most cases it would be impossible to determine what those motives were.

It is very easy where parties have had mutual dealings to assert an unfounded claim; and if the mere assertion, and perhaps the offer of some evidence in its support, will be sufficient to exclude the legal right to a set - off, it will be easy enough to accomplish that result and defeat the purpose of the statute of set - off in a large proportion of the cases where it is justly applicable.

There is nothing in the statute, however, which makes the right to a set - off depend upon the form of the plaintiff's declaration, or upon his having asserted other claims than those to which the set - off is made. If the demand of the defendant is one in other respects within the statute, so as to be a proper set-off, the only restriction upon the right is, that the plaintiff's action shall be "founded upon demands which could themselves be the subject of set-off according to law." Now, when it appears by the record that a demand was asserted that was baseless, but that others were not only asserted but established by evidence, it seems to us somewhat difficult to say that the plaintiff's action was based upon the unfounded claim. The contrary is clearly the legal inference; and as it also gives effect to the plain intention and purpose of the statute — which is to make claims of a certain nature offset each other — we think the referees were right in holding the case to be one in which set - offs were allowable.

There may be difficulties in the practical application of this ruling in some cases; but the practical administration of the law of set - off is always open to difficulty, and this fact, therefore, is not sufficient reason for an attempt to put a construction upon the statute different from that which a reasonable interpretation of its terms will warrant. There are many cases where it is admissible for a defendant to put in evidence of a set - off, which after all may require to be rejected by the jury, because their finding upon some disputed fact makes the set - off not allowable, when, had their finding on that fact been otherwise, it would

have been admissible. This may happen where the plaintiff's claim has been assigned, and the time of the assignment is disputed, and also when the defendant gives evidence of an assignment as a foundation for introducing a set-off against the assignee; and the plaintiff denies that any such assignment has been made. We suggest these cases as presenting the same difficulty which is supposed to be so formidable here; but many others might also be indicated.

It is also insisted that the allowance of set-off was erroneous because the principal portion of the plaintiff's demand was established under the special count in his declaration; while the offer of set-off was expressly confined to the common counts. This objection, however, does not seem to us well founded. The plaintiff declared specially for the non-performance by defendants of an agreement in writing; but while he averred in general terms that the defendants had failed to make good and perform the contract in each and every other particular, the only special breach alleged was in the delivery of the personal property The claim upon that was for unliquidated damages; and as without that special assignment of breach, the declaration would have been subject to special demurrer, the defendants were justified in supposing the plaintiff's claim, under that count, was confined to that one demand; especially as he joined the common counts, which were sufficient to cover all his other claims. The notice of set-off was evidently confined to the common counts because the special count asserted a claim which was not the subject of set-off; and we think all the allowances made to the plaintiff by the referees, must be considered as made under the common counts.

The plaintiff also claims that all the demands allowed to the defendants should have been excluded because purchased by them under such circumstances as would preclude their claiming to be owners thereof in good faith; and to

this point a number of cases were cited. All of those cases, however, were cases where the plaintiff's demand had become, either legally or equitably, a fund for the payment of his debts, and where it would be plainly inequitable to creditors to allow the set-off to be made. They evidently have no application to the case at bar. The plaintiff's demand in this case has been assigned, but not to creditors, and the assignees in law are not recognized as having any greater rights or equities than he would have had himself. All the demands of the defendants were owned by them at the time of the assignment save one, and that was purchased before notice of the assignment, and before the suit was commenced. The statute makes the demands a proper set-off if they belonged to the defendants in good faith before notice of the assignment. The plaintiff says they did not, because the defendants well knew he was insolvent, and had been for a long time; and the defendants were bound to presume that under such circumstances he had disposed of the demand against them. But a party can hardly be bound, in the law, to presume things which do not exist; and in this case it affirmatively appears that plaintiff did not dispose of his demand until defendants had become owners of more than enough to extinguish it. But it is also objected that the fact that defendants bought the demands at a very great discount, is evidence that they do not hold them in good faith. This objection, however, evidently proceeds upon a misapprehension of the meaning of the terms "good faith," as used in the statute in reference to the ownership of the claims offered in set-off. All that the statute contemplates is, that the demands shall be actually, and not merely colorably, owned by the defendants; and the actual ownership by defendants is not disputed in this case. The amount they paid for them is immaterial.

The judgment of the court below must be affirmed, with costs.

CAMPBELL and GRAVES JJ. concurred.

CHRISTIANCY J. did not sit.