## McMANN v. H. F. WILCOX OIL & GAS CO.

No. 17115—Opinion Filed Sept. 14, 1926.

Rehearing Denied Nov. 23, 1926.

(Syllabus.)

**Set-Off and Counterclaim — Set-Off Against Assigned Claim of Distinct Claim Against Assignor Maturing After Date of Assignment.**

The assignment of a demand or chose in action, which, when the conditions of the contract giving rise to the same are complied with, will sustain a cause of action in favor of the assignee, defeats and strikes down the right of the debtor to set-off as a cross-demand a claim arising by virtue of a separate, independent, and distinct contract of the assignor when the right of action had not accrued at the time of the assignment.

Error from District Court, Tulsa County; Luther James, Judge.

Action by T. F. McMann against the H. F. Wilcox Oil & Gas Company. Judgment for defendant, and plaintiff brings error. Reversed.

Carter Smith, for plaintiff in error.

Horace B. Clay, C. A. Steele, and W. A. Daugherty, for defendant in error.

BRANSON, V. C. J. T. F. McMann is the plaintiff in error herein, and W. F. Wilcox Oil & Gas Company is the defendant in error. They occupy here the same relative positions as in the trial court; that is to say, the said T. F. McMann appeals from his failure to obtain a judgment which he sought against the defendant in error. They

are referred to as plaintiff and defendant. The plaintiff sought a recovery against the defendant in the sum of $3,600. The essential averments of the pleadings are admitted in the stipulated facts, the substance of which is necessary to an understanding of the real point in controversy.

"In 1922, one Ossenbeck and the Ossie Oil Company assigned an oil and gas lease in Noble county to the defendant, for which the defendant was to pay the assignors $3,600 upon the completion of a well to be drilled by the said assignors. The amount to become due, to wit, $3,600, was duly assigned to the plaintiff. The contract depth of the well was reached January 4, 1925. The said assignment of the amount to become due upon the completion of the well was made February 6, 1924. The defendant was not notified by the plaintiff that he was the assignee of the amount to become due to the said Ossenbeck and the Ossie Oil Company until January 16, 1925. Without notice that the plaintiff was the owner of the amount to become due, the defendant, on the 10th day of January, 1925, purchased from the Central National Bank of Tulsa, Okla., a promissory note executed by the said Ossenbeck and the Ossie Oil Company in the sum of $4,000, on which $1.000 had been paid, leaving a balance due of $3,000, which note did not mature or become due until the 17th day of January, 1925."

Without quoting further the substance of the stipulation, we think it sufficeth to state that there is no dispute that the note was assigned by the bank to the defendant before its maturity and for value; that the amount due on the note was $3,000, with interest from its maturity; that the well was drilled to the agreed depth, and that thereupon the said agreed price for the assignment of the lease was due; that the assignment to T. F. McMann was made February 6, 1924, but that no notice of his owning the same was served upon the defendant until the 16th day of January, 1925. T. F. McMann demanded payment, which was refused. The judgment of the trial court allowed the defendant to set off the amount of the note against the $3,600, from which judgment the plaintiff appeals and his principal assignment (and the only one we will consider here) is that the trial court erred in not giving the plaintiff judgment for the full amount and in allowing an offset to the amount of the note owned by the defendant. We deem it important to tabulate certain dates:

The defendant became liable for the $3,600 on the **4th day of January, 1925** (the date of the completion of the well).

The right of Ossenbeck and the Ossie Oil Company to receive the $3,600 had been as-

signed by them to the plaintiff **February 6, 1924.**

The defendant knew nothing of this assignment till **January 16, 1925.**

The defendant became the owner of the note the **10th day of January, 1925.**

It will thus be seen that at the time the notice was given to the defendant that the plaintiff was the owner of the amount of money due, the defendant was the owner of the note which it had purchased from the bank, and the question is as stated by the plaintiff:

"Can defendant set off against an assignee of an executory contract of the defendant with the assignor a claim independent of the executory contract which the defendant purchased from some other creditor of the assignor subsequent to the assignment of the plaintiff or assignee who performs the executory contract?"

In other words, as a matter of law, was the judgment of the trial court correct when it offset the $3,600 to the amount of the note, since the right to the $3,600 was vested in the plaintiff February 6, 1924, and the defendant did not become the owner of the note until the 10th day of January, 1925, and the defendant received notice of the plaintiff's ownership of the claim January 16, 1925, and the note did not mature until the 17th day of January, 1925? The defendant concedes in its brief that there is no decision from this court on this specific question. The plaintiff asserts that the proper construction of section 210, in conjunction with sections 209 and 279, C. O. S. 1921, controls to work a reversal of the judgment of the trial court. Said section provides:

"In the case of an assignment of a thing in action, the action of the assignee shall be without prejudice to any set-off or other defense now allowed; but this section shall not app'y to negotiable bonds, promissory notes, or bills of exchange, transferred in good faith and upon good consideration, before due."

In support of his contention he cites Pomeroy's Code Remedies (4th Ed.) sections 82, 84, 91. and 92. especially the closing part of section 91, which is:

"If. however, the assignment is made before the opposing demand becomes mature. and the latter does not thus become actually due and payable until after the transfer, the debtor's right of set-off is destroyed by the mere fact of the assignment, and no notice thereof to him is necessary to produce that effect." Fuller v. Steizlitz (Ohio) 22 Am. Rep. 312; Myers v. Davis, 22 N. Y. 489; Martin v. Kunzmuller, 37 N. Y. 396.

He further cites the case of Stadler v. First National Bank (Mont.) 56 Pac. 111.

Beginning on page 30, plaintiff further cites: Michigan Savings Bank v. Miller, 96 N. Y. S. 568; Golden v. Paskir, 200 N. Y. S. 123; Collens v. Phillipsborn, 205 N. Y. S. 210; Cosmopolitan Trust Co. v. Rosenbush (Mass.) 131 N. E. 858.

On the other hand, defendant cites numerous cases to the effect that the ownership of the claim by the plaintiff availed him nothing as against an offset of a claim owned by the defendant against the plaintiff's assignor acquired prior to the date of the **notice** given defendant of the ownership of the claim by the plaintiff. Some of these cases are as follows: Miller v. Kreiter, 76 Pa. 78; Rayburn v. Hurd, 20 Ore. 229; Smith v. Warner, 16 Mich. 390; McCabe v. Gray, 20 Cal. 510; Baxter v. Little (Mass.) 39 Am. Dec. 707; First National Bank v. Nye County (Nev.) 145 Pac. 932, and cases therein cited; First National Bank v. Lewis (Colo.) 139 Pac. 1102; Gaullagher v. Caldwell (Pa.) 60 Am. Dec. 85; Clark v. Sullivan (N. D.) 55 N. W. 733.

After citing this and numerous other cases, the defendant in its brief then states (page 27):

"In the case of an assignment of a thing in action, the action of the assignee snall be without prejudice to any set-off or other defense now allowed."

Referring to the cases cited, the brief says:

"These decisions are all to the effect that such a statute (sec. 210, supra) must be construed in accordance with its express terms so as to allow the debtor, in an action by an assignee, to claim any set-off against the assignor, existing at the time notice of the assignment is given to the debtor. This brings us to the question to be decided in the present case: How must section 210. Compiled Oklahoma Statutes 1921, be construed? * * *"

Clearly this statute says that the action by the assignee shall be without prejudice to any set-off "now allowed."

The defendant continues his brief by asserting the history of said section 210 to the effect that the said section was section 4225 of Wilson's Revised and Annotated Statutes of Oklahoma Territory (Statutes of 1903); that it was section 3899 of Oklahoma Territory Statutes of 1893; that when it became effective in the territory in 1893 (August 14, 1893) there was in effect a statute found in the Statutes of Oklahoma Territory of 1890, as section 4330, which provided:

"When any action is brought by the assignee of a claim arising out of a contract, and not assigned by indorsement in writing, the assignor shall be made a defendant, if a resident of the territory, to answer as to the assignment of his interest in the subject of the action. **And all actions by assignees shall be without prejudice to any** set-off or other defense existing at the time **of or before notice** of the assignment, except actions on negotiable promissory notes and bills of exchange transferred in good faith and upon consideration before due."

Then defendant says:

"This statute (210) must receive the same consideration that it would have received at the time of its adoption in 1893 by Oklahoma Territory, because the effect of its enactments had been to continue in force the existing law. The law in force at the time of the adoption of this statute by Oklahoma Territory in 1893 is therefore the law still in force in the state of Oklahoma."

This refers to the last-quoted section 4330 of the territorial statutes of 1890. The point sought to be made by the defendant is that that part of section 210, C. O. S. 1921, which first found its place in the territorial statutes in 1893, to wit, "now allowed," has reference to the phraseology and alleged rights given by section 4330 of the 1890 territorial statutes above quoted. We cannot agree that the words "now allowed" in said section 210 have any reference to the said section 4330 of the territorial statutes of 1890. Defendant's brief does not point out when the last-named section ceased to be a part of the law of the territory. It certainly was not after the adoption of the 1893 Code of Procedure. This adoption became effective August 14, 1893, and was an enactment of the Kansas Code of Procedure for the territory of Oklahoma. Nowhere since that time has the said section 4330 been found in any compilation of the statutory law of either the territory or the state. The words "now allowed," found in said section 210, have reference to the claims which might be pleaded by the defendant as against the plaintiff, and which are found in the Code of Kansas adopted in 1893 by the territory and now found in the statutes of this state as sections 274, 275, and 279. The phraseology "now allowed" is used in contradistinction to the character of claims that could be set off as against the plaintiff's demand before the adoption of Codes or such as ordinarily would be confined solely to liquidated demands similar to those allowed by the English statute. The Code, by reason of sections analogous to those pointed out above, had extended or enlarged the character of demands which might be asserted by defendant as a set-off, and that is what the phraseology "now allowed" refers to.

The statutes of the various states materially differ on the question as to when a set-off may be allowed in cases of assignment. Some of the states have the statute, if not in identical words, at least in substance quoted above as found in section 4330 of the Oklahoma Territorial Statutes of 1890, and the line of authorities which hold that any set-off acquired by the defendant prior to notice of the assignment of the claim against the defendant are based upon such a statute. Where no such statute exists, we think the rule is well settled as laid down in Waterman on Set-Off, section 99, to this effect:

"Until a demand becomes due, the set-off or counterclaim may be defeated by the assignment by the opposite party of his claim, though the latter be insolvent and his demand has not been payable when assigned."

It is this rule to which Mr. Pomeroy in his Code Remedies refers in that part of section 91 thereof quoted above. It is this rule that the various cases above cited have followed, in substance at least as expressed by the New York court in the case of Myers v. Davis, 22 N. Y. 489, and Martin v. Kunzmuller, 37 N. Y. 396, in which first case the court said:

"The defendant's difficulty is that at the time of the assignment * * * to the plaintiff in this case the demand of the defendants had not matured so as to be the subject of a set-off, and when it had so matured, the demand against them * * * had passed into the hands of the plaintiff, against whom they had no claim."

Applying this rule to the facts in the instant case, we find that the assignment was made to the plaintiff in 1924. At that time the defendant did not even own any cross-demand against the plaintiff's assignors. This contingent demand against the defendant ripened into an absolute cause of action the 4th of January, 1925. At that time the defendant did not own the note, for it had not purchased the note till January 10th, 1925. The note did not mature until January 17, 1925, and at the time the defendant's cause of action against the makers of the note accrued, the plaintiff had been long since vested with the chose in action on which he brought this suit. Under the above-cited section 279, C. O. S. 1921, if this note owned by the defendant had been subject to suit before the assignment was made to the plaintiff, then the set-off or counterclaim here pleaded by the defendant could not have been cut off by an assignment to the plain-

tiff, but under the facts as they are stipulated in the instant case the judgment of the trial court was erroneous in allowing the set-off as disclosed by the judgment entered. The judgment of the trial court is reversed. Judgment should be entered on the facts as stipulated for the full amount sued for by the plaintiff.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.