## BERRY and others *v.* DE WITT and others.

*(Circuit Court, S. D. New York. June 16, 1886.)*

1. NEW TRIAL—JURY—PREJUDICE—EXPRESSIONS OF OPINION.
    That some of the jury indicated, by their language and manner in the jury-box, during the progress of the trial, that their minds were opposed to the defendant's case, is not a ground for a new trial, when there is no adequate reason to suppose that any juryman was not impartial when the trial commenced, and when no means were taken by the plaintiff to cause a too hasty or prejudiced decision.

2. SAME—MISCONDUCT—WAIVER.
    Misconduct of a juror, in conversing with one of the plaintiffs during the trial, is waived, if known to the defendant at the time of its occurrence, and not made the subject of a motion to the court.

Motion for New Trial.

*Henry E. Tremain*, for the motion.
*John E. Parsons*, against the motion.

SHIPMAN, J. This is a motion by the defendants for a new trial. The questions of law arising upon the bill of exceptions were not argued by the defendants' counsel at any length. I shall not, therefore, enter into a written examination of these questions, but leave them for the consideration of the appellate court.

The defendants' counsel relied, before me, for a new trial, upon the alleged prejudice and the manifested antagonism of some of the jurors against the defendants' case. That some of the jury did indicate, by their language and manner in the jury-box during the progress of the trial, that their minds were opposed to the defendants' case, is true; but I do not think that this is a ground for a new trial, when there is no adequate reason to suppose that any juryman was not impartial when the trial commenced, and when no improper means were taken by the plaintiff to cause a too hasty or a prejudiced decision.

The alleged misconduct of a juror in conversing with one of the plaintiffs during the trial, and expressing an opinion upon the case, is strongly denied by the person with whom he is said to have conversed. If the allegation was true, the conversation was overheard and was understood by one of the defendants' counsel, and was not brought to the notice of the court. Such misconduct of a juror during the trial, if known to the party at the time of its occurrence, and not made the subject of a motion to the court, is waived. A party cannot know, during the trial, a fatal objection arising from the misconduct of a juror upon the trial, and keep silence, and take advantage of it in the event of an adverse verdict. He is not permitted to "speculate upon the chances of a verdict." *State* v. *Tuller*, 34 Conn. 280.

The motion for a new trial is denied.