PACIFIC ACCEPTANCE CORPORATION, Appellant,
v. JOHN F. WHALEN, Respondent.

[248 Pac. 444.]

SALES—CONDITIONAL SALE CONTRACT—DEFENSE OF FRAUD AS AGAINST
ASSIGNEE.

1.  Conditional sale contract for automobile *held* non-negotiable
instrument, and, under C. S., sec. 6063, subject to all defenses
against assignee which existed at time of assignment.

2.  Purchaser of automobile, under conditional sale contract,
is not precluded from defending against contract in hands of
assignee for fraud or want of consideration, because of provision
in contract to that effect, in view of C. S., sec. 6063.

3.  Evidence *held* to sustain defense of fraud in procuring
conditional sale contract of automobile.

APPEAL from the District Court of the Seventh Judicial District, for Payette County.   Hon. B. S. Varian, Judge.

Action by assignee to recover on conditional sale contract for an automobile.   Judgment for defendant.   *Affirmed.*

Norris & Sutton and George Donart, for Appellant.

Parties to a written agreement may legally contract therein for a waiver of any defense to the contract by

Publisher's Note.

1.  See 2 R. C. L. 629.

See Sales, 35 Cyc., p. 695, n. 7; p. 706, n. 7.

reason of want or failure of consideration in the event of a sale or assignment of such contract to a third party. (*Anglo-California Trust Co. v. Hall,* 61 Utah, 223, 211 Pac. 991.)

J. H. Helman and Sullivan & Sullivan, for Respondent.

A stipulation in a contract of sale that a purchaser shall be precluded from attacking the validity of the contract for fraud or for want or failure of consideration, is invalid on the ground of public policy. (*American Nat. Bank v. A. G. Sommerville,* 191 Cal. 364, 216 Pac. 376; *Bridger v. Goldsmith,* 143 N. Y. 424, 38 N. E. 458; *Hofflin v. Moss,* 67 Fed. 440, 14 C. C. A. 459; *Firemen's Fund Ins. Co. v. Norwood* 69 Fed. 71, 16 C. C. A. 136; *Strand v. Griffith,* 97 Fed. 854, 38 C. C. A. 444; *City of Aurora v. Cobb,* 21 Ind. 492, 10 A. L. R. 1472, note, L. R. A. 1918A, p. 113, 13 C. J. 394, 420; 27 C. J. 22.)

WM. E. LEE, J.—Respondent being the owner of a new Buick automobile, on July 1, 1920, purchased from one Walling, agent for the Sheane Motor Company, assignor of appellant, a Stephens automobile at the agreed price of $2,460. Walling took in part payment the Buick car at the agreed consideration of $2,000 and the balance, $460, was to be paid in money. The Stephens car was to be delivered to respondent out of a shipment of automobiles then en route. The shipment arrived, but Walling was unable to make the required financial arrangements to have the shipment actually delivered to him, and was, on that account, unable to deliver the Stephens car to respondent. Pending delivery of the new Stephens car, it was arranged that respondent would take and use an old Stephens car. This situation existed until December 30, 1920, when Sheane and Taylor, president and treasurer respectively of Sheane Motor Company, at their request, met respondent in Boise, where Walling's business was carried on. Sheane and Taylor, for the Sheane Motor Company, made the proposition to respondent that the new Stephens

car would be delivered to him on the payment by him of $500 instead of the agreed balance of $460, it being suggested that Walling would furnish accessories to cover the $40. Respondent agreed to this proposition and paid $500. The car was ordered "serviced" and delivered to respondent. Then and before the new car had been actually delivered, respondent was inveigled into signing the conditional sale contract on which this action is based.

The conditional sale contract provides for the sale by the Sheane Motor Company and the purchase by respondent of a Stephens car for $2,990.04, of which it is recited that $1,185 was paid on the signing of the contract, and a balance of $1,805.04 was to be paid in equal designated monthly payments thereafter. Respondent protested against signing the contract, and it was explained to him that it was necessary to do so in order to "finance" Walling; that the contract would not be transferred but would be held by their bank; that Walling would make the payments as they became due and that respondent would neither be called on nor required to make any of the payments provided for in the contract; that the contract was a mere formality, etc. Respondent had fully paid for the new Stephens car which was delivered to him. This fact was known to Sheane and Taylor and is not in anywise disputed. That the $1,185, recited as paid on the signing of the contract, was not paid, and that the few monthly payments, actually made on the contract, were made by Walling, was testified to by Walling, and not disputed by anybody. Walling in general corroborated the testimony of respondent, and explained that he quit making the payments because of his financial condition. The purchase price of the car, set forth in the contract of $2,990.04, was not the price paid by respondent for the car, and that figure was used because there had been an advance in the price of cars since July 1st, when the actual purchase was made, and it was necessary to include a "differential" for appellant.

Respondent denied the material allegations of the complaint except that he admitted signing the contract. As affirmative defenses, he alleged that the contract was obtained by fraud and was wholly without consideration. The cause was tried to a jury and a verdict rendered for respondent. Judgment was entered on the verdict for respondent. Appellant moved for a new trial, which was refused, and this appeal is from the order overruling the motion for a new trial.

The principal assignments of error are that the court erred in giving instruction No. 9, and that the evidence is insufficient to sustain the verdict.

The contract contained the following provision:

"It is agreed that in the event the seller shall assign and transfer this agreement, and his rights and the moneys payable thereunder, to a third party, then the purchaser shall be precluded from in any manner attacking the validity of this agreement on the ground of fraud, duress, mistake, want of consideration or failure of consideration, or upon any other ground, and all moneys payable hereunder by the purchaser shall be paid to such assignee or holder without recoupment, set-off or counterclaim of any sort whatsoever."

In the instruction complained of, the court told the jury that the quoted provision of the contract was invalid and "did not preclude the defendant herein from attacking the validity of the conditional sale agreement on the ground of fraud and the want of consideration" as pleaded in the answer.

The only authority relied on by appellant to sustain his contention that this instruction was erroneous is *Anglo-California Trust Co. v. Hall*, 61 Utah, 223, 211 Pac. 991. Under the identical provision with which we are concerned, in a conditional sale contract, it was held that while "the law will not give effect to a stipulation intended to grant immunity to fraud and iniquity," no fraud was alleged or proved, and the question to be determined was "whether defendant could in his contract waive, as against the as-

signee, the breach of warranty." It was held, under the pleadings and evidence in that case, that he could. Tested by the question actually presented to and decided by the Utah court, the decision cannot be said to support appellant's contention.

To sustain the instruction respondent relies on *American Nat. Bank v. A. G. Sommerville, Inc.,* 191 Cal. 364, 216 Pac. 376. The California court, in the latter decision, construed a provision of a conditional sale contract, which is absolutely the same as the one quoted above. In a well-reasoned opinion, the court held that the purchaser in such a contract was not precluded from defending on the ground of fraud or want or failure of consideration. We are impressed with the soundness of the views of the California court.

[1] The contract is a non-negotiable instrument, and was, in the hands of the assignee, subject to all the equities and defenses existing in favor of the maker at the time of the assignment. C. S., sec. 6063. [2] Respondent was not precluded by the quoted provision from defending against the contract for fraud or a want or failure of consideration. (*American Nat. Bank v. A. G. Sommerville, Inc., supra.*) He had pleaded fraud and a total absence of consideration. The instruction is not subject to the criticisms directed against it. [3] The evidence amply sustained the defense, and is sufficient to sustain the verdict. It follows that the court did not err in any of the particulars suggested. Judgment affirmed.

Costs to respondent.

William A. Lee, C. J., and Givens and Taylor, JJ., concur.