## FIRST STATE BANK of VIAN v. SHARP.

No. 20245. Opinion Filed Sept. 22, 1931.

Frye & Frye and Hughes & Ellinghausen, for plaintiff in error.

W. A. Carlile, for defendant in error.

RILEY, J. The parties herein are in the same relation as in the trial court, and will be referred to as plaintiff and defendant, respectively.

Plaintiff commenced this action against defendant to recover upon two promissory notes. The petition was in the usual form, and defendant answered and alleged, in substance, that, on November 22, 1927, he was indebted to the plaintiff and the Sapulpa State Bank in the sum of $8,150, the indebtedness due plaintiff being approximately $4,000, the balance being due the Sapulpa State Bank; that the plaintiff was acting as the agent of the Sapulpa State Bank in the collection of defendant's indebtedness to it; that on said date defendant was a shareholder in the plaintiff bank in the sum of $750, and on that date he entered into an agreement and settlement with plaintiff under the terms of which plaintiff agreed to accept his stock in the sum of $750, and his check drawn on the First National Bank of Vian in payment in full of all indebtedness owing plaintiff by him, and that pursuant to said agreement he executed his check to plaintiff on the First National Bank of Vian, which was paid, but that plaintiff, after said check had been paid, refused to accept the stock in plaintiff's bank, as was agreed, although defendant offered to deliver same to plaintiff. He also tendered the stock to plaintiff in his answer.

This action, together with another by plaintiff and against defendant and one Dan Sharp, were by agreement tried together to a jury, resulting in a verdict and judgment in this action for defendant, and for plaintiff in the other action. From the verdict and judgment against it, plaintiff appeals.

There are nine assignments of error. The first, second, third, seventh, eighth, and ninth are presented together under one proposition, namely, that the court erred in overruling plaintiff's demurrer to defendant's evidence and overruling plaintiff's request for a directed verdict at the conclusion of defendant's evidence in chief.

At the close of defendant's evidence, plaintiff demurred thereto, and moved for an instructed verdict, both of which were overruled. This would have been a sufficient basis upon which to raise a question of the sufficiency of defendant's evidence to establish a defense to the notes sued upon had plaintiff seen fit to stand upon the demurrer and motion. Instead of so doing plaintiff put in the testimony of three witnesses in rebuttal, and defendant put in the testimony of two witnesses. The case was then closed, and plaintiff did not renew his demurrer, nor did he at the close of all the evidence move for a directed verdict. Although defendant in his brief does raise the question, we must hold that the question of the sufficiency of the evidence is not properly here for review.

In Dryfoos v. Davison, 146 Okla. 160, 293 P. 1099, it was held:

"Where a defendant pleads an affirmative defense to a cause of action and offers evidence in support thereof, and at the conclusion of the evidence in chief in support of the affirmative defense, the plaintiff's gen-

eral demurrer thereto is overruled and thereafter the plaintiff introduces evidence in answer to the evidence offered by the defendant in support of his affirmative defense, but does not renew his demurrer at the conclusion of all the evidence or request an instructed verdict, and permits the issues joined to be submitted to the jury upon all of the evidence without objection and exception, the verdict, on review in this court, is conclusive so far as such evidence is concerned, except as to excessive damages, appearing to have been given under the influence of passion or prejudice."

The same rule was applied in Abraham v. Gelwick, 123 Okla. 248, 253 P. 84.

Other assignments are made going to the instructions given, but it appears that no exceptions were taken to the instructions, and as plaintiff does not present this question in his brief, it will be treated as abandoned.

The assignment going to the alleged failure of the court to instruct upon the issue raised by the pleadings, and the two assignments based upon alleged error in the admission of the testimony of the witness Alvin Scott are likewise not presented in the brief of plaintiff, and must also be treated as abandoned.

There being no question properly presented for review, the judgment of the trial court is affirmed.

LESTER, C. J., and HEFNER, CULLISON, McNEILL, and SWINDALL, JJ., concur. CLARK, V. C. J., and ANDREWS and KORNEGAY, JJ., absent.

Note.—See under (1) 2 R. C. L. 75; R. C. L. Perm. Supp. p. 320; R. C. L. Pocket Part, title Appeal, § 53.