## CHICKASHA COMPRESS CO. v. SOUTHERN BURNER CO.

No. 20826. Opinion Filed Sept. 20, 1932.

Bond, Hatcher & Bond, for plaintiff in error.

Bailey & Hammerly, for defendant in error.

CLARK, V. C. J. This cause presents error from the district court of Grady county, Okla., wherein plaintiff in error was defendant and defendant in error was plaintiff in the court below. For convenience the parties will be referred to as they appeared in the trial court.

This action was based on a contract made and entered into between plaintiff and defendant herein. Plaintiff installed for the defendant certain burners to be used under the boilers used by defendant in compressing cotton.

The contract was as follows:

"Sales Contract.
"Chickasha, Okla. 2/8/27.
"To Southern Burner Company, Chickasha, Oklahoma.

"Ship to the undersigned on or before __ at once _____, 192 ____, the following described equipment:

"Four Hundred H. P. automatic gas burners _____ @ 1.25 per H. P.   500.00

"1 automatic gas fuel gov        138.80 to be installed on next Sunday Feb. 13th.

"Said above described equipment to be delivered F. O. B. cars, Chickasha, Oklahoma, and the agreed sale price thereon to be $638.80, payable $_____ in cash on the arrival of the said goods, or _____ after 30 days trial and the balance in _____ equal installments, payable $____ ____ if burners are satisfactory and save money over present burners . . until paid in full.

"The title to and the ownership of all said equipment delivered unto this contract to remain vested in the said Southern Burner Company until the price hereof be paid in cash, or until all notes given hereunder are paid in full.

"It being further agreed that this contract shall not be countermanded, canceled or annulled by the undersigned, and that

all of the articles and equipment to be furnished are enumerated herein.

"This property is not placed on trial or approval, and that no agent is authorized to bind said Southern Burner Company by any agreement, statement or representation of any kind other than contained in this contract.

"Dated at Chickasha, Oklahoma, this the 8th day of Feb. 1927.

"Chickasha Compress Co.

"By W. D. Trueblood, Mgr.

"Witnesses: E. White,

"Approved and Accepted.

"Southern Burner Company,

"By

"Box 371."

Upon leave of court a supplemental petition was filed, setting up a second cause of action against the defendant for the sum of $50 for preparing blue prints for construction of the boilers used in operating the Chickasha Compress Company and repairs or rebuilding part of the fire box of the furnace of the boilers.

Defendant answered; admitted the execution of the contract, but pleaded that the terms and conditions of the same were breached for the reason that said burners were unsatisfactory and failed to save money over the present burners.

The cause was tried to a jury, resulting in a verdict for plaintiff for the amount sued for, with the exception of the $50 for blue prints or drawing, for which the court instructed a verdict in favor of the plaintiff. Judgment was entered on the verdict of the jury, and defendant brings the cause here for review.

Five assignments of error are presented. The second assignment of error presented in plaintiff in error's brief is that the court erred in giving instructions Nos. 2, 3, 4, 5, 6, and 7 of the court's instructions to the jury. An examination of the instructions given and complained of discloses that the same presented the issues joined by the pleadings, and fairly presented the law of the case to the jury and were more favorable to the defendant than plaintiff.

It is next contended by defendant that the court erred in refusing to give defendant's requested instructions Nos. 1, 2, 3, and 4. The requested instructions did not correctly state the law, and as the court's general instructions to the jury had correctly stated the law on all of the issues joined, it was not error for the court to refuse the requested instructions.

The next assignment of error presented is that the court erred in admitting evidence on the part of plaintiff. Defendant contends that the testimony of the agent of plaintiff was not admissible as to conversation had with one W. D. Trueblood, who was agent and manager for defendant, for the reason that Trueblood was deceased on the date of the trial. With this contention we do not agree.

Section 588, C. O. S. 1921 [O. S. 1931, sec. 271] reads as follows:

"No party to a civil action shall be allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner, or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person."

The evidence objected to and complained of on appeal was the testimony of E. White, who was not a party to the action, but was an agent of the Southern Burner Company, a corporation, and clearly does not come within the limitations of the statutes cited.

Finding no error, judgment of the trial court is affirmed.

RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and HEFNER and ANDREWS, JJ., absent.

Note.—See under (1) 2 R. C. L. 193, 194; R. C. L. Perm. Supp. pp. 367, 368; R. C. L. Pocket Part, title "Appeal," § 167.