## CITY OF EDMOND v. BILLEN et al.

No. 23654. March 12, 1935.

John Roaten and Hayson & Lukenbill, for plaintiff in error.

Shirk, Danner & Phelps, for defendants in error.

GIBSON, J. Defendants in error were plaintiffs below and plaintiff in error was defendant. The parties will be referred to herein as they appeared in the trial court.

Plaintiffs commenced their action in the district court of Oklahoma county by filing their petition therein, containing two causes of action, seeking both temporary and permanent damages to certain real estate, situated in Oklahoma county, owned and occupied by plaintiffs, resulting from the location and operation by defendant of its sewage disposal plant on land adjacent to plaintiffs' land.

Defendant answered, admitting its ownership and operation of the sewage disposal plant on land owned by it adjacent to plaintiffs' land; and alleging that both in the erection and installation of the plant, as well as the operation thereof, it had employed and followed the most skillful and approved methods.

At the commencement of the trial plaintiffs announced that they were seeking permanent damages only to their property, amounting to a dismissal of their action for temporary damages.

The cause was tried to a jury. Its verdict was in favor of plaintiffs, and from the judgment thereon defendant has appealed, assigning error presented and argued under three propositions.

We shall consider the propositions in the order in which they are presented.

"Proposition No. 1.

"The court erred in refusing to give instructions Nos. 1 and 3 requested by the plaintiff in error, which was excepted to at the time, these instructions being as follows:

"(1) You are instructed that the defendant, city of Edmond, under the law of the state of Oklahoma, is authorized to acquire property and to install and erect sewage disposal plants thereon, and if after a fair and impartial consideration of the evidence, you find that in erecting and installing such sewage disposal plant, the defendant erected and installed it in a careful, skillful and scientific manner, and that the plant was adequate and complete in its appointments for the disposal of sewage according to the established scientific standards of such plants, then in that event the defendant would not be liable for damages for injuries, if any, resulting from the operation of such plant, unless the defendant was guilty of negligence in such operation; and in this connection, you are further instructed that the burden is upon the plaintiffs to show by a preponderance of the testimony negligence in the operation of such plant, resulting in the injuries to the plaintiffs.

"Refused: Exception allowed.

"R. P. Hill, Judge."

The principles laid down in this instruction were fairly presented to the jury by the court's instructions Nos. 12 and 13, which read as follows:

"12. You are instructed that if after a fair and impartial consideration of the testimony in this case, you find that the plaintiffs have failed to establish by a preponderance of the testimony that the sewage disposal plant erected and installed by the defendant was of faulty construction, or that the defendant was guilty of negligence in its operation, then and in that event, your verdict should be for the defendant.

"13. You are instructed that the mere fact the defendant did construct a sewage disposal plant upon the property adjacent to and abutting on the property of these plaintiffs would not in itself entitle the plaintiffs to recover in this case, unless you believe, by a preponderance of the evidence, that the **location** of said plant at and **near the property** of these plaintiffs would be an actual injury to the land of the plaintiffs and that the **location** at and **near the land** of these plaintiffs and the negligent opera-

tion thereof did result in actual injury to the land of these plaintiffs."

Defendant complains that its requested instruction No. 3 was not given. We find that this instruction was given by the court as instruction No. 12, in the exact language requested by defendant.

We find there is no merit in defendant's first proposition.

Defendant's second proposition is as follows:

"Proposition No. 2.

"The court erred in giving instructions Nos. 1, 2, 5, 6, 7, 8, 9, 10, 11 and 14."

Defendant saved no exception to the giving of instruction No. 1, hence it cannot be reviewed here. Scott v. Scott, 129 Okla. 176, 264 P. 159.

Instruction No. 2 fairly informs the jury of the nature of the defense as set up in defendant's answer.

We have examined the remaining instructions complained of under this proposition, and we find that, taken together and considered as a whole, they fairly present to the jury the issue as to whether or not plaintiffs had sustained permanent damage to their property and in their use and enjoyment thereof from fumes and odors arising and emitting from the orderly operation of defendant's sewage disposal plant, located near plaintiffs' property.

Defendant contends that the erection and maintenance of its plant cannot be made the basis of an action for damages unless it is shown that such erection and maintenance were done in a negligent or careless manner, thus allowing objectionable odors to escape, and then, in the event such negligence is shown, permanent damages cannot be recovered, since the nuisance created by the negligent acts could be abated or enjoined; that at most only temporary damages could be recovered. To support its contentions defendant relies on the case of Oklahoma City v. West, 155 Okla. 63, 7 P. (2d) 888. A consideration of this case reveals a wholly different state of facts than are present in the case at bar. There the plaintiff sought to recover damages arising from the pollution of a stream caused by raw sewage. Here the plaintiffs seek damages arising from the operation of a sewage plant in close proximity to their land. In the case of Oklahoma City v. West, supra, the rule is stated thus:

"In a suit to recover damages caused by the discharge of unpurified sewage into a watercourse to the damage of a riparian owner, a contention that since a sewer system is a permanent structure, in the absence of an allegation of negligence in the adoption of the plan of construction of the sewer system or in a failure to construct the system in accordance with the plan adopted, the nuisance should be considered permanent, is unsound, for the damages in such case are not caused by the so-called permanent structure, but by the manner of its use. Mangum v. Sun Set Field, 73 Okla. 11, 174 P. 501, to the contrary, is overruled."

However, in the same opinion we find the following statement:

"* * * But in the present case what is being done is something that was not authorized, and a right to damages does not require the sanction of a constitutional provision. The damages are recoverable for what was, and what still is, a common-law tort, a nuisance. We point this out, because, if it should be conceded that the right to damages should be based upon the constitutional sanction, it would involve the admission that the nuisance, was authorized, and, if what was a nuisance should be held to be authorized, of course it would be held to be permanent. It will be found, however, that the real ground of liability in the case is that the nuisance was unauthorized, and the reason why it was unauthorized is a sufficient reason why it should not be considered permanent, a lack of necessity for its commission."

If the plant has damaged the plaintiffs, can they recover on the theory that they are permanently damaged, or can they recover only temporary damages? The defendant contends that the rule laid down in Oklahoma City v. West, supra, is controlling, and only temporary damages, if any, can be recovered. With this contention we do not agree. Plaintiffs were not seeking damages to their property by reason of the location of the sewage disposal plant in close proximity to it, nor were they seeking damages by reason of the negligent operation of defendant's plant. The damages sought by plaintiffs were such as they claimed to have sustained to their property from foul odors emitted from defendant's plant in the operation thereof. It was not contended by plaintiffs that these odors were thrown off from the plant by reason of its faulty construction or by reason of its negligent operation, but that, notwithstanding the fact that the plant was properly constructed and the methods employed in its operation were those prescribed by its designers and by those who constructed it, yet in the very

orderly processes and methods of operation fumes and odors were thrown off which invaded plaintiffs' property and interfered with their use and enjoyment of the same.

We have examined the instructions complained of, and we find that these instructions, when taken in their entirety and considered together, fairly presented to the jury the contentions of both the plaintiffs and the defendant, and correctly stated the law applicable to the issues.

Propositions 3 and 4 are that the verdict and judgment were contrary to the law and the evidence, and that the court erred in overruling the motion for new trial. For the reasons hereinbefore stated, we find that there is no merit in these propositions.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, and CORN, JJ., concur. WELCH and BUSBY, JJ., absent. PHELPS, J., disqualified and not participating.