## SISLER v. SAPULPA INDUSTRIAL FINANCE CORPORATION.

No. 24590.    May 14, 1935.

Chas. A. Holden and C. C. McDonald, for plaintiff in error.

Karl E. Jones, for defendant in error.

PER CURIAM. The plaintiff in error was the defendant below and the defendant in error was the plaintiff below. The parties will be referred to as plaintiff and defendant for the sake of convenience. The plaintiff instituted its action in the court of common pleas, Tulsa county, Okla., to replevin a radio of the alleged value of $432, claiming a special ownership in said radio by virtue of a conditional sales contract, of which plaintiff was the assignee. The defendant answered by way of general denial, and further answering, denied that plaintiff was the owner and holder of the conditional sales contract. Defendant further denied execution of the conditional sales contract and the note it secured, and further denied that plaintiff had been damaged in any sum. To this answer, plaintiff filed a general reply. Upon the issues thus joined, the cause proceeded to trial before a jury, who returned a verdict for the plaintiff.

The defendant filed his motion for new trial, setting up only general grounds. It is from the order overruling the motion for new trial that the defendant appeals, assigning as error several general grounds, but only briefs one point, to wit: That the court erred in overruling the defendant's motion for new trial. Thus, under the settled rule of this court, the defendant must be deemed to have waived his other assignments of error. L. S. Cogswell Lumber Co. v. Manahan, 135 Okla. 174, 274 P. 871; Harrelson et al. v. Brown et al., 131 Okla. 267, 268 P. 731; Nolan v. Schaetzel et al., 145 Okla. 231, 292 P. 353; Miller v. Lester, 169 Okla. 344, 37 P. (2d) 261.

The facts are relatively simple. The plaintiff merely introduced the contract sued on and proved the execution of the note and conditional sales contract, the delivery of the radio to the defendant, and the nonpayment of the obligation. The evidence of the defendant was that he admitted the execution of the conditional sales contract, but contended that he did so only to protect L. D. Hess, the plaintiff's assignor,

and that the radio was given to him in satisfaction of a debt that Hess owed to the defendant for a doctor bill, evidenced by a promissory note in the sum of $432, and evidence to the effect that Hess procured the note and conditional sales contract by fraud. The plaintiff introduced evidence to rebut this fact. The court's instruction fully and adequately covered the theory of the defendant. The defendant does not complain of any error in the court's instruction. No rule is better settled than that which states that questions of fact are exclusively within the province of the jury in a jury trial, and where questions of fact are submitted to a jury and the instructions of the court applicable to the facts fairly state the law, this court will not disturb the verdict and judgment of the trial court. Rose v. First National Bank, 93 Okla. 120, 219 P. 715; Robinson v. Peru Plow & Wheel Co., 1 Okla. 140, 31 P. 988; St. Louis-S. F. R. Co. v. Jones, 78 Okla. 204, 190 P. 385; Selby v. Swindler, 124 Okla. 131, 254 P. 4; Chickasha Compress Co. v. Southern Burner Co., 159 Okla. 107, 14 P. (2d) 367.

A portion of the defendant's argument, under the general proposition that the court erred in overruling his motion for new trial, is to the effect that there is insufficient evidence to sustain the verdict. The defendant demurred to plaintiff's evidence, which demurrer was overruled. The defendant did not elect to stand upon the demurrer, but introduced evidence. Nor did the defendant renew his objection to the insufficiency of the evidence by moving for a directed verdict after the parties had finally rested. Thus, the question of whether or not there is any evidence to support the verdict is not presented for review by the defendant's motion for new trial. Amons v. Howard, 111 Okla. 195, 239 P. 217; Oklahoma State Bank of Ochelata v. Ward, 127 Okla. 45, 259 P. 644; Myers v. Hubbard, 80 Okla. 97, 194 P. 433; First State Bank of Vian v. Sharp, 151 Okla. 205, 3 P. (2d) 208.

We are cited to several cases to the effect that the defendant in a replevin action can set up any defense against the claim of an assignee of a conditional sales contract which he could set up against the original seller, which cases correctly state the law, but do not control any question presented by the appeal.

It appears from the evidence that the note of the defendant, signed by Hess, plaintiff's assignor, was never introduced in evidence at the trial below; however, it is referred to throughout the trial by both parties. It

appears from the evidence that the note was not due at the time the conditional sales contract was assigned to the plaintiff. Thus, even if the defendant had properly pleaded a set-off and the note had been introduced in evidence, the defendant's contention cannot be sustained.

The case of McMann v. Wilcox Oil & Gas Co., 121 Okla. 167, 250 P. 780, holds as follows:

"The assignment of a demand or chose in action, which, when the conditions of the contract giving rise to the same are complied with, will sustain a cause of action in favor of the assignee, defeats and strikes down the right of the debtor to set off, as a cross-demand, a claim arising by virtue of a separate, independent, and distinct contract of the assignor, when the right of action had not accrued at the time of the assignment."

Finding no error, the judgment of the trial court will be affirmed.

The Supreme Court acknowledges the aid of Attorneys Alfred Stevenson, R. J. Roberts, and Chas. L. Orr in the preparation of this opinion. These attorneys constitute an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the anaylsis of law and facts was prepared by Mr. Stevenson and approved by Mr. Roberts and Mr. Orr, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.