## McLAUGHLIN v. UNION TRANSPORTATION CO.

No. 26318. March 24, 1936.

Rehearing Denied May 19, 1936.

Bailey E. Bell, for plaintiff in error.

Hudson & Hudson, for defendant in error.

PER CURIAM. This is an appeal by the plaintiff below, R. H. McLaughlin, who filed suit against the Union Transportation Company, defendant below, alleging that the plaintiff, while a passenger in one of the defendant's busses being driven by an agent of the defendant, sustained injuries through the alleged negligence of the defendants by being suddenly and forcibly thrown against a support or iron handle on one of the seats in the bus and from there to the floor of the bus, breaking one of his ribs and causing him to sustain other personal injuries, for which the recovery in the amount of $2,000 was sought, and in addition thereto medical expense in the amount of $35.

The plaintiff alleged further that said injuries so sustained were the direct and proximate result of the negligence and carelessness of the defendant and its employee in the manner in which the bus in which he was riding was being operated by the defendant and its agent, and for which the recovery in the amount named was sought.

The defendant, Union Transportation Company, answered by a general denial and plea of contributory negligence, to which answer the plaintiff filed a reply containing a general denial.

The evidence shows that the plaintiff was a passenger in one of the busses of the defendant on the morning of the 1st day of February, 1934; and was on his way to work at the time of the accident. That while a passenger in said bus, and before he had reached his destination, the bus came to a sudden stop and threw him against the support on one of the seats of the bus, and from there to the floor.

The testimony of the defendant is to the effect that the sudden stop of the bus was caused by the driver of an automobile pulling over in front of the bus, causing the operator thereof to put on the brakes to avoid a collision and causing the sudden stop which the plaintiff testified caused him to fall and sustain the injuries of which he complains.

1. As one of the grounds for reversal the plaintiff contends that a new trial should have been granted him because of misconduct of jurors.

The record discloses that no formal objection was made to the trial court in this connection until after the jury had returned a verdict against him and motion for new trial filed, at which time plaintiff's counsel urged as one of the grounds for new trial the misconduct of said jurors. The record discloses a stipulation entered into between the attorneys for both parties wherein is related a certain conversation with the trial judge in which the attorney for plaintiff stated that he had been told that a juror in the case had made the statement to another juror on the jury panel that he would not decide a lawsuit against a client of the attorney representing the defendant; and, likewise, that another juror by the name of Rickey had made a statement in the presence of jurors who were on the panel of the jurors trying the case that Mr. Bell, attorney for the plaintiff, had dealt unfairly with him in some matter, and had talked disparagingly of Mr. Bell.

It further appears from the statement of counsel that the trial judge refused to take

the mere statement as to the occurrence named, but indicated that he would be glad to have a hearing on the matter, and that if what counsel had stated was proved a fact, would declare a mistrial; that counsel declined to proceed further and did not make any record of the matter or take any further steps at the trial.

So far as the record shows, there was no motion made for a mistrial, nor any other action taken by the attorney for the plaintiff until after the jury had returned a verdict against the plaintiff and motion for a new trial filed.

We hold that because the plaintiff failed to present the matter properly to the court during the progress of the trial and to take exception to the court's action during the trial, the court properly refused to grant him a new trial on that ground.

There is no question but what this court in a proper case will set aside a judgment rendered in a case when the record shows that a member or members of a jury have been guilty of misconduct and such misconduct has been properly presented to the trial court. See Garvin v. Harrell, 27 Okla. 373, 113 P. 186.

But the rule appears to be different where the misconduct of jurors is known during the progress of the trial, and is not ordinarily grounds for a new trial if the unsuccessful party, having knowledge of the misconduct before the verdict, fails to properly call the attention of the court thereto and to ask proper relief. See 46 Corpus Juris, page 159, and the authorities therein cited.

As illustrative of this rule, we call attention to the case of Berry v. DeWitt, 27 Fed. 723, decided by the Circuit Court of the Southern District of New York, wherein the alleged misconduct of a juror occurring during the trial of the case was not brought to the notice of the court, the court saying such misconduct of a juror during the trial, if known to the party at the time of its occurrence and not made the subject of a motion to the court, is waived.

A party cannot, during the trial, know a fatal objection from the misconduct of a juror upon the trial and keep silence and take advantage of it in the event of an adverse verdict. He is not permitted to speculate upon the chances of a verdict.

While in the instant case the attorney for the plaintiff called the matter to the court's attention at chambers, we think his failure on invitation of the judge to make proper showing of such misconduct and his failure to make a record or take exception to the court's action during the trial entitles him to no relief on this ground. See Vanceburg Telephone Co. v. Bevis (Ky.) 146 S. W. 420; McGuffie v. Hooper (Me.) 119 Atl. 111.

The rule laid down in 16 R. C. L., page 313, is as follows:

"Misconduct of a juror, if known before the trial closes, must then be brought to the attention of the court; otherwise it is waived. Accordingly, an objection to the misconduct of a juror in expressing an opinion or prejudice during the trial, if known to the party at the time of its occurrence and not made a subject of a motion to the court, is waived."

The rule just hereinbefore referred to has been adopted by this court in the case of Harris v. Boggess, 124 Okla. 251, 255 P. 685.

The court, in this case, holds with the rule just announced.

2. As a further ground for reversal, the plaintiff urges that the court erred in the giving of instructions 12 and 19, and calls attention to the affidavits of two of the jurors indicating that they were misled thereby. A careful examination of the record fails to disclose that the plaintiff excepted to the giving of either of said instructions.

Section 360, O. S. 1931, provides:

"A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction, 'Refused and excepted to,' or, 'Given and excepted to,' which shall be signed by the judge."

It has been held that the requirements of this section are mandatory, and unless complied with, instructions complained of cannot be reviewed on appeal. Taylor v. Johnson, 23 Okla. 50, 99 P. 645; Young v. Missouri, O. & G. R. Co., 44 Okla. 611, 145 P. 1118; Fullerton-Stuart Lumber Co. v. Badger, 59 Okla. 135, 158 P. 376; Cook v. First National Bank of Duncan, 110 Okla. 111-113, 236 P. 883.

In the case of Commercial Investment Trust Co. v. Ferguson, 96 Okla. 163, 220 P. 925, the court in considering the question, says:

"The remaining contention, to wit, error in giving instructions, will not be considered by this court because no exceptions were saved to the giving of the instruc-

tions, and this court has consistently held that error in the giving of instructions will not be considered by this court unless exceptions were saved in the trial court. * * *

"It is contended by the plaintiff in error that an exception should be made to the general rule above announced in accordance with the statement contained in 38 Cyc. 1809, as follows:

"'But when the verdict of the jury has been made to turn upon an erroneous charge, and the judgment upon the merits is thus founded on error, the judgment will be reversed, although no exception was taken thereto.'

"We see no good reason for making an exception in this jurisdiction in such cases. Section 542, Comp. Stat. 1921, provides the manner of saving exceptions to instructions, and this court has consistently refused to consider alleged errors in the giving of instructions where no exceptions were saved, as it would be manifestly unfair to the trial court for a party to acquiesce in the giving of instructions until after an unfavorable verdict was rendered and then permit such party to complain of the instructions given."

We can see no reason for departing from the long established rule in this case.

3. Plaintiff assigns as error the sustaining of an objection to certain remarks made by plaintiff's counsel in the course of his argument to the jury to the effect,

"Gentlemen, if you render a verdict for the plaintiff in the sum of one dollar, you seal his lips forever, as the inadequacy of the verdict is not grounds for a new trial, but if you should render a verdict too high or excessive, the court could cut it down or set it aside, and if the court refused to do that, the Supreme Court has that power."

We find no prejudicial error in the action of the court sustaining the objection of counsel for defendant and instructing the jury to disregard such remarks.

4. Plaintiff complains of the refusal of the court to give special instructions offered by the plaintiff and to which refusal the plaintiff duly excepted.

After carefully reviewing all of the instructions given by the court, we are of the opinion that no error was committed, as the instructions of the court, in our judgment, covered the law applicable to the case and included the propositions of law offered by the plaintiff.

It is a settled rule in this jurisdiction that instructions must be construed as a whole and together, and it is not necessary that any particular paragraph thereof contain all the law of the case. It is sufficient if, when taken together and considered as a whole, they fairly present the law of the case.

The above rule is referred to in the early case of Ponca City Ice Co. v. Robertson, 67 Okla. 86, 169 P. 1111, wherein this court says:

"It is a general rule upon reason and experience that instructions must be considered as a whole and construed together, and that no particular one should be singled out to the exclusion of another, and that where instructions when taken together and considered as a whole fairly present the law of the case, and there is no conflict between the different paragraphs thereof, this will be sufficient."

This rule has been consistently followed by this court. White v. Little, 131 Okla. 132, 268 P. 221; City of Edmond v. Billen, 171 Okla. 90, 42 P. (2d) 253.

5. The plaintiff complains that the verdict of the jury was not sustained by sufficient evidence and was contrary to law. To this we cannot agree.

A careful examination of all of the evidence introduced at the trial, together with the instructions of the court, leads us to the opinion and the instructions of the court as a whole sustain the verdict and judgment rendered in the case, and we can find no error which will permit a reversal on this ground. This court has held that "questions of fact are exclusively within the province of the jury in a jury trial, and where questions of fact are submitted to a jury, and the instructions of the court applicable to the facts fairly state the law, this court will not disturb the verdict and judgment of the trial court." Selby v. Swindler, 124 Okla. 131, 254 P. 4; Chickasha Compress Co. v. Southern Burner Co., 159 Okla. 107, 14 P. (2d) 367.

In view of the conclusion that we have reached after a careful examination of the evidence, and the instructions of the court taken as a whole, we must reach the conclusion that there is no merit in the contention of plaintiff that the verdict of judgment is contrary to either the evidence or the law.

We find no prejudicial error in the record and, therefore, recommend that the judgment of the trial court be affirmed.

The Supreme Court acknowledges the aid of Attorneys J. R. Spielman and W. P. Morrison in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, ap-

pointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Spielman and approved by Mr. Morrison, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted as amended.

McNEILL, C. J., and BAYLESS, PHELPS, CORN. and GIBSON, JJ., concur.