**SELECTED INVESTMENTS CORPORATION, a Corporation, Plaintiff in Error,**

v.

**Charles E. LESTER and Virginia L. Lester, Defendants in Error.**

**No. 37929.**

Supreme Court of Oklahoma.

July 8, 1958.

Green & Feldman, W. E. Green, Raymond G. Feldman, Wm. S. Hall, George A. Farrar, Tulsa, for plaintiff in error.

John M. Freese, Tulsa, for defendants in error.

CORN, Vice Chief Justice.

On December 21, 1952 Charles E. Lester and Virginia L. Lester, husband and wife, bought certain items of furniture and household goods from the Tulsa Furniture Mart for the agreed sum, including tax, of $239.-70. They executed a conditional sales contract, paying the sum of $29.70 in cash and as provided therein, the balance including carrying charges to be paid at the rate of $14.12 monthly.

Due to the fact that the home they had purchased was not ready for occupancy, no part of the furniture or household goods purchased and described in the conditional sales contract, was delivered to the Lesters, the dealer advising that all articles would be set back, marked sold, and delivered immediately upon their request.

In the conditional sales contract in question, executed by the Lesters, delivery of all items was acknowledged, for which they agreed to pay to the dealer or his assignors the balance due in the manner set forth. It further provided that title and ownership of the articles should remain in the dealer, its successors or assignees until purchase price was fully paid. It further provided for acceleration in case of default, attorneys fees and forefeiture of amount paid as liquidated damages—and that there was no other agreement, oral or written, express or implied, which shall limit or qualify the terms of the contract.

On the back thereof was a printed assignment by the dealer to the Selected Investments Corporation, executed by the dealer, Tulsa Furniture Mart, on December 31, 1952.

Simultaneously with the execution of the conditional sales contract, Charles E. Lester executed a purchaser's statement in which, among other things, it was stated there was no agreement or understanding regarding his purchase or payments except contained in the conditional sales contract; that it expressed all terms and any other verbal agreements or understanding were waived.

It was stipulated that on or about January 20, 1953, the Selected Investments Corporation furnished a coupon book to the Lesters, advising it had purchased the contract and payments should be made to it; that the Lesters made two of the payments as provided.

The evidence adduced is not in conflict. The furniture and household goods set forth in the conditional sales contract was not delivered to the Lesters. They made two payments. In March, 1953 they went to the dealer and directed delivery thereof but found there was a new management, and that the merchandise they were purchasing and set forth in the conditional sales contract, was not there. Lester immediately went to the office of the Selected Investments Corporation and advised the manager as to the situation, and further advised that no further payments would be made until delivery of said furniture and household goods.

The Selected Investments Corporation made an investigation and found some of the articles in the store. However, the dealer was then in bankruptcy and the trustee refused to turn the articles over to it. Later it brought a suit against the trustee and $25 was paid by the trustee to it as the amount received for the sale of the washing machine, one of the articles purchased by the Lesters.

Thereafter the Selected Investments Corporation, the assignee, brought this action against the Lesters for the balance due under the conditional sales contract.

The Lesters countered by setting up failure of consideration in that there was no delivery of the articles, and cross-petitioned for the sum paid, alleging same to

have been unlawfully obtained by bad faith and false and fraudulent representation.

The trial resulted in a jury verdict in favor of the Lesters and fixed their recovery on the cross-petition at $57.94.

In presenting the matter to this court the plaintiff, assignee, first contends that the trial court committed error in admitting oral representations between its assignor and the Lesters as to the delivery and storage of the merchandise which is in direct contradiction with the admitted terms of the written conditional sales contract sued on. In this connection it next contended that since the Lesters knew that the contract might be assigned they should be estopped to assert that there was an oral agreement of storage and safe keeping.

The determinative question in this case is whether the plaintiff assignee of a conditional sales contract before due date for value, can be a bona fide holder in due course and not subject to any defense which the obligor has against the dealer assignor.

■ In effect this court has held, and is committed to the general rule that an instrument evidencing an agreement to pay money, but providing for the retention of title by the payee to the merchandise for which the contract of sale was given, until full payment, is not regarded as a negotiable instrument. That being true the assignee who acquires title to the conditional sales contract, stands in no better position than the dealer assignor and the defenses available to the buyer payor and against the dealer seller are available against the assignee. Mercantile Trust Co. v. Roland, 143 Okl. 190, 288 P. 300; Universal Credit Co. v. National Radio Mfg. Co., 174 Okl. 178, 49 P.2d 743; General Motors Acceptance Corp. v. Davis, 169 Kan. 220, 218 P.2d 181, 18 A.L.R.2d 808.

Although the present action is predicated upon the promise to pay, yet the plaintiff did not elect to proceed thereon until it had exhausted all the means within its command to recover the property. Through such action it did recover the partial value of one item of the merchandise. In effect this

action is for the deficiency remaining after the sale of the property. The action taken prior to the filing of this action amounted, and was comparable to, an action in replevin under the claims of title to the merchandise described in the conditional sales contract.

■ Suffice it is to say that the plaintiff assignee of the conditional sales contract herein sued on, stands in no better position than the dealer assignor, and under the record here is subject to all defenses in behalf of the defendants buyers, which would have been available against the dealer assignor.

The plaintiff cites and relies upon the cases of Sisler v. Sapulpa Industrial Finance Corp., 172 Okl. 207, 45 P.2d 91, and Universal Credit Co. v. Cushing Motor Co., 183 Okl. 63, 79 P.2d 1014. In each of the cited cases there was an attempt to vary the terms of payment provided in the conditional sales contract involved.

In the Sisler v. Sapulpa Industrial Finance Corp., supra, the buyer signed a note as well as the conditional sales contract, even though he testified a doctor bill due him was the total consideration therefor, and that he executed the note and contract merely to help the seller. The question of fraud was presented to the jury and a verdict rendered against buyer's contention.

In the case of Universal Credit Co. v. Cushing Motor Co., supra, the lawyer signed the contract knowing it was to be assigned to plaintiff. When sued thereon he attempted to vary the terms of payment by showing same was to be paid in legal services in behalf of the dealer.

Neither case is controlling here. There was a total failure of consideration in the case before us. Under the facts plaintiff in this case is subject to all defenses available to the buyer against its dealer assignor.

The plaintiff contends that having acknowledged receipt of the merchandise in the executed conditional sales contract, defendants are estopped anything contrary thereto.

■ It is admitted there was no delivery of the merchandise. This being true there was a total failure of consideration. The effect of the acknowledgment of the receipt thereof in the conditional sales contract is but an acknowledgment of the receipt of the consideration received by defendants for the execution of the contract. The failure of consideration, and the recital thereof in a contract, is an affirmative defense always open to the parties thereto. See Parker v. Funk, 185 Cal., 347, 197 P. 83, cited and approved by this court in the case of Mercantile Trust Co. v. Roland, supra.

■■ Plaintiff's last contention is predicated upon the trial court's alleged error in admitting evidence as to the failure to deliver the merchandise in the face of the acknowledgment in the conditional sales contract to the contrary. We have decided this question contrary to the plaintiff's contention. The court submitted the question of fraud in the inducement to the jury. It decided the matter in favor of the defendants. Suffice it is to say that indicia fraud indicated by the evidence properly submitted to the jury by instructions to which there were no exceptions, amply sustain the verdict. The case of Downtown Chevrolet Co. v. Niccum, 180 Okl. 616, 71 P.2d 957 and the other cases cited and relied upon by plaintiff are without application. The proof adduced in those cases did not meet the test.

Judgment affirmed.

WELCH, C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.